UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SANDOLLAR OWNERS' ASSOCIATION

        Plaintiff,

                                                        CASE NO.:

v.


THOSE CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON; LLOYDS SYNDICATE
4242; LLOYDS SYNDICATE 1458; LLOYDS
SYNDICATE 2288; AND NATIONAL FIRE &
MARINE INSURANCE COMPANY;
SUBSCRIBING TO CONTRACT;
B607400002V20NW; B1776BP201112M002;
B6135ICAT20; 42-IPA-164830-02

        Defendants.
_____/

# COMPLAINT

      The Plaintiff, SANDOLLAR OWNERS' ASSOCIATION (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sue the Defendants, THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON[1]; LLOYDS SYNDICATE 4242; LLOYDS SYNDICATE 1458; LLOYDS SYNDICATE 2288; AND NATIONAL FIRE & MARINE INSURANCE COMPANY; SUBSCRIBING TO POLICY; B607400002V20NW;

---

[1] The business address of each member is Lloyd's, One Lime Street, London EC3M 7HA. The identity of each member of a Lloyd's syndicate and their respective proportion may be obtained by writing to Market Services, Lloyd's, at the above address.  Contract No. B607400002V20NW, B1776BP201112M002; B6135ICAT20; Participating Insurers may be identified in the Schedule of Insurers in the Defendants' possession and will be obtained by Plaintiff. The LLOYDS syndicates identified thus far:

| Contract No. | Insurers/Syndicates |
|---|---|
| B607400002V20NW | Lloyd's 4242 |
| B1776BP201112M002 | Lloyd's 1458 |
| B6135ICAT20 | Lloyd's 2288 |

B1776BP201112M002; B6135ICAT20; 42-IPA-164830-02, (hereinafter "Defendants"), and states the following:

## PARTIES

1. At all times material to this cause of action, the Plaintiff, SANDOLLAR OWNERS' ASSOCIATION is a not-for-profit corporation that operates the property located at 7885 Gulf Blvd., Navarre, FL 32566 (herein after the "Insured Property").

2. At times material to this cause of action and pursuant to 28 U.S.C. § 1332(c)(1), THOSE CERTAIN UNDERWRITERS AT LLOYDS OF LONDON ("LLOYDS"), are, on information and belief, composed of separate, but not joint, syndicates which underwrite insurance in one marketplace known as Lloyds of London. Each syndicate is organized under the laws of the United Kingdom with its principal place of business at One Lime Street, London EC3M 7HA in London, England. As such, LLOYDS is considered a citizen of Great Britain, United Kingdom, a foreign country. LLOYDS issued and sold the above insurance policies and provided insurance coverage to Plaintiff and as such transacted business in the City of Navarre, Santa Rosa County, Florida. These LLOYDS participants are Lloyds Syndicate 4242; Lloyds Syndicate 1458; Lloyds Syndicate 2288.

3. At times material to this cause of action and pursuant to 28 U.S.C. § 1332(c)(1), National Fire & Marine Insurance Company is a company organized under the laws of the State of Nebraska for federal court jurisdiction/diversity of citizenship disclosure purposes, the principal place of business is 1314 Douglas Street, Suite 1400, Omaha, NE 68102. Thus, National Fire & Marine Insurance Company is a citizen of Nebraska.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1),

in that this is a civil action between citizens of the State of Florida and citizens of Britain and of the State of Nebraska, and the amount in controversy exceeds $100,000.00, exclusive of court costs, prejudgment interest, and attorney's fees.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that each cause of action alleged accrued in Santa Rosa County, Florida, which is situated in this district.

## GENERAL ALLEGATIONS

6. Plaintiff is a not-for-profit corporation organized and existing pursuant to Chapter 617, Florida Statutes, to provide a corporate entity, pursuant to Section 718.111, Florida Statutes, for the operation of the Sandollar Owners' Association in Santa Rosa County, Florida.

7. At all times material hereto, Plaintiff had an insurable interest in real property located in Santa Rosa County, Florida, with address: 7885 Gulf Blvd., Navarre, FL 32566.

8. At all times material hereto, Defendants were an insurance company authorized to conduct business in the State of Florida and was engaged in the business of insurance in Santa Rosa County, Florida and throughout the State of Florida.

9. In consideration of the premiums paid to it by Plaintiff, Defendants issued to Plaintiff in Santa Rosa County, Florida, a contract of insurance, bearing policy number 09-7590141596-S-01 (hereinafter the "Policy"), which insured Plaintiff's property located at 7885 Gulf Blvd., Navarre, FL 32566. A copy of the Policy is attached as ***Exhibit "A".***

10. Plaintiff has paid all premiums on said Policy, and the Policy was in full force and effect at all relevant times herein.

11. On or about September 16, 2020, Plaintiff suffered physical damage to the Insured Property from the hurricane winds and the hurricane rains attributed to Hurricane Sally.

12. The damage to the Plaintiff's property was due to a covered peril, windstorm and or hurricane damage.

13. Plaintiff timely reported the loss to the Defendants in accordance with the requirements of the Policy and, in response, the Defendant issued claim number: ICAT-2020-V-0000025179.

14. The Insured Property was available for inspection upon request by Defendants and many inspections have occurred.

15. The Defendants completed their investigation and submitted a letter with their estimate with amount of damage estimated to $201,469.25 as Actual Cash Value, minus deductible and depreciation, amount issued was $107,969.51, on February 18, 2021. ***(Exhibit "B")***

16. Plaintiff produced documents as requested by the Defendants. On May 13, 2021, Plaintiff submitted its estimate of damages and supporting documents to Defendant with estimate amount of damage of $1,488,009.68 as Actual Cash Value. (***Exhibit "C"***)

17. On July 26, 2021, Defendant submitted a letter with supplemental estimate of damages totaling $317,878.98 minus deductible, depreciation and prior payments, they issued payment of $69,839.72 as supplemental payment. ***(Exhibit "D")***

18. The parties have reached an impasse and Defendant's after conducting their investigation consisting of several inspections and having been made aware of Plaintiff's claim for damages take the position that the damages do not exceed the amounts already paid as outlined in exhibits B and D attached herein. The parties dispute the amount of loss resulting from the covered claim of windstorm and/or hurricane and as a result, plaintiff demanded that the dispute be resolved through appraisal.

19. As of this date, Defendants have failed to name their appraiser as required under the policy, explained below.

20. The Commercial Policy issued by Defendants contains the following appraisal clause, in pertinent part:

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal, we will still retain our right to deny the claim.

21. Plaintiff has demanded appraisal of the damage to property and business interruption claims naming their appraiser; on July 16, 2021. (***Exhibit "E"***)

22. On July 27, 2021, in response to the demand for appraisal, Defendants issued a letter acknowledging the appraisal demand but not naming their own appraiser. *(Exhibit "F")*

23. On August 11, 2021, the Plaintiff's public adjuster representative requested once again that Defendants name their appraiser and Defendants representative refused to name an appraiser or make any decision regarding appraisal. *(Exhibit "G")*

24. Plaintiff has complied with all prerequisites, whether conditions precedent, duties after loss, or otherwise, to receive benefits or proceeds under the Policy, and to maintain the instant suit for declaration of said Policy.

25. As a result of Defendants' failure to comply with the appraisal procedure set forth in the policy, Plaintiff has been forced to retain the undersigned attorneys and is obligated to pay a reasonable fee for their services.

26. Plaintiff is entitled to payment from Defendant for attorney's fees, other fees, and costs, pursuant to sections 627.428, 626.9373, 57.104, and/or 57.041, Florida Statutes.

## COUNT I
## ACTION FOR DECLARATORY JUDGMENT

27. The Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 26 herein.

28. This is an action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Rule 57, Fed. R. Civ. and FLA. STAT. § 86.061; specifically, the Insured's request for this Court's declaration of the Parties' rights, duties, and responsibilities under the Policy with respect to the Loss and Insurance Claim.

29. There exists an ongoing and justiciable dispute between the Insured and Insurer with respect to the type/extent of coverages, coverage benefits, and/or contractual remedies due the Insured under the Policy's terms and provisions in light of the particular facts and circumstances of the Loss and resulting Insurance Claim.

30. Given the facts and circumstances of the Loss and resulting Insurance Claim, the Insured questions the interpretation, construction and/or the application of the Policy's term and provisions in the context of said facts and circumstances.

31. In accordance with Rule 57 and Chapter 86, Florida Statutes, the Insured has genuine concerns and questions about its rights and the Insurer's duties under the Policy; thus, it is seeking from this Court a judicial declaration of those rights, duties and responsibilities.

32. There exists a present, ascertained set of facts, and/or a present controversy concerning said facts, that requires this Court's declaration of the Parties' rights and obligations under the Policy.

33. Both the Insured and the Insurer have actual and adversarial interests in the Policy and the subject Insurance Claim before this Court.

34. The Insured seeks, among other things, this Court's declaration (i) that those damages at issue in the Insurance Claim constitute a covered loss or covered losses under the

Policy, (ii) that the Insurer has previously acknowledged coverage for this loss or losses by virtue of its communications with the Insureds and/or its conduct, and (iii) of the Insured's entitlement to binding appraisal proceedings in accordance with the Policy's Appraisal Clause.

35.   In invoking this Court's jurisdiction pursuant to Rule 57 and Chapter 86, Florida Statutes, the Insured specifically requests that this Court retain jurisdiction for the purpose of awarding any and all appropriate supplemental relief authorized by 28 U.S.C. § 2202 and FLA. STAT. § 86.061, including, without limitation, all claims for consequential damages and other relief authorized under Florida law.

36.   All Parties having any interest in, and/or otherwise adversely affected by, the Insured's action for declaratory judgment are joined in this action.

WHEREFORE, the Insured respectfully requests that this Court declare the Parties' rights, duties, and responsibilities under the Policy in this action including, without limitation, this Court's:

    a.   Finding that this Court has jurisdiction over the Parties;

    b.   Finding that this Court has jurisdiction over the subject matter;

    c.   Finding that the Policy between the Insured and the Insurer was in full force and effect at all times relevant to the Loss;

    d.   Finding that the facts and circumstances giving rise to the Insured's Insurance Claim constitute a covered loss or covered losses under the Policy;

    e.   Construction of any and all ambiguities in the Policy's terms and provisions, either as written or as applied to the instant facts, in favor of coverage for those damages at issue in the Loss and resulting Insurance Claim;

    f.   Finding that with respect to the Loss and the resulting Insurance Claim, the Insured has otherwise satisfied all other stated pre-loss and post-loss conditions contained

within the Policy, or, alternatively, that the Insured's compliance with the same has been waived by the Insurer;

g. Finding that given the specific facts and circumstances at issue in the Loss and the resulting Insurance Claim, the Insured has properly invoked the Policy's "Appraisal Clause" and, thus, is entitled to the resolution of the Insurance Claim via binding appraisal proceedings in accordance with the Policy;

h. Compelling the Insurer's appointment of its party-appointed appraiser in this matter;

i. Finding that in accordance with Florida law and the Policy, the Parties' Appraisal Panel shall have jurisdiction to conduct and conclude the Appraisal Proceedings with respect to those claims at issue in the Loss and resulting Insurance Claim, including, without limitation, the Insured's right to pursue all claims for all benefits due under the Policy's Property coverage;

j. Retention of its jurisdiction to confirm any Appraisal Award for the Insured in accordance with Florida law and/or otherwise adjudicate the Parties' rights and responsibilities under the Policy subsequent to the issuance of said award (if necessary);

k. To the extent warranted by the instant facts and in accordance with Florida law, this Court's award of post-loss and/or post-judgment interest to the Insured;

l. Adjudicating the Insured's entitlement to an award of those reasonable attorneys' fees, legal assistant fees and costs incurred in the prosecution of this action for declaratory relief, as authorized by 28 U.S.C. § 2202 and FLA. STAT. §§ 627.428, 627.9373, 57.104 and 57.041;

m. This Court's retention of its jurisdiction for supplemental proceedings pursuant to 28 U.S.C. § 2202 and FLA. STAT. § 86.061; and

n. Adjudicating such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff, SANDOLLAR OWNERS' ASSOCIATION, hereby demands trial by jury in this action of all issues so triable.

DATED this 13th day of August 2021.

Respectfully submitted.

*/s/ Javier Delgado*
JAVIER DELGADO, ESQ.
Florida Bar No.: 560146
W. ANTHONY (TONY) LOE, ESQ.
Florida Bar No.: 559008
ETIENNE M. FONT, ESQ.
Florida Bar No.: 554227
Merlin Law Group, P.A.
222 Lakeview Avenue, Suite 1250
West Palm Beach, Florida 33401
Telephone: (561) 855-2120
Facsimile: (561) 249-1283
jdelgado@merlinlawgroup.com
Secondary: JDTEAM@merlinlawgroup.com
*Attorneys for Plaintiff*